```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| ANTHONY P. SHAW, | |
| Plaintiff, | |
| vs. | No. 06-2024-B/V |
| BRIAN WEAKS, et al., | |
| Defendants. | |

ORDER DENYING MOTION FOR RECONSIDERATION
ORDER ASSESSING $250 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Anthony P. Shaw, Bureau of Prisons inmate registration number 19042-076, a pretrial detainee at the West Tennessee Detention Facility ("WTDF")[1] in Mason, Tennessee, filed a pro se complaint that purports to assert claims pursuant to 42 U.S.C. § 1983 on January 12, 2006, along with a motion seeking appointment of counsel. The Court issued an order on January 23, 2006 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

1915(a)-(b), or remit the $250 civil filing fee.[2] Plaintiff filed the documents required by the PLRA on February 23, 2006.[3] On February 21, 2006, plaintiff filed several technical corrections to his complaint.[4] The Clerk shall record the defendants as Brian Weaks, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"); ATF Special Agent Frost; Jerry Greene, an Investigator for the Memphis Fire Department; Kelvin Lundy, a Sergeant with the Memphis Police Department; the City of Memphis;[5] and the ATF.

I.   Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

---

[2] Because this action was commenced prior to April 9, 2006, the new $350 civil filing fee is inapplicable.

[3] On February 7, 2006, plaintiff filed a motion for reconsideration of the January 23, 2006 order. The Court was aware, when that order was issued, that plaintiff had filed an in forma pauperis motion on January 12, 2006 but that motion did not comply with the PLRA for the reasons stated in the previous order. The February 7, 2006 motion for reconsideration is DENIED.

[4] Although the February 21, 2006 filing is called a motion, pursuant to Fed. R. Civ. P. 15(a) a plaintiff is entitled to amend his complaint once without leave of Court prior to the service of a responsive pleading. The Court will treat the February 21, 2006 filing as an amendment to the complaint.

[5] Although the complaint names as defendants the Memphis Fire Department and the Memphis Police Department, neither of these entities is suable in its own name. The Court construes these allegations as an attempt to state a claim against the City of Memphis.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WTDF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. §

1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The complaint alleges that, on June 15, 2003, "the plaintiff's presence was required at 3732 North Watkins, Memphis, TN 38127, due to an incident that occurred." Compl., ¶ 10.[6] Law enforcement officials, including defendants Weaks, Lundy, and Greene, "required the plaintiff to give several statements" at approximately 11:00 p.m. Id., ¶ 11. After giving his statements, Shaw asked to be allowed to go home to sleep, id., ¶ 12, but defendants Lundy and Weaks denied his request and, instead, brought him to the police station for further questioning, which lasted until 4:40 a.m. on June 16, 2003, id., ¶ 13.

The plaintiff was apparently released, because the complaint alleges that defendant Greene contacted plaintiff at 6:40 p.m. on June 16, 2003. Id., ¶ 14. Although he told Greene that he "had not had any sleep since the morning of June 15, 2003 at 9:00 a.m.," id., ¶ 15, Greene insisted that plaintiff come to the Memphis Fire Department's Investigations Office for an interview, id., ¶ 16. Shaw was questioned by defendants Weaks, Frost, Lundy, and two unknown individuals. Id., ¶ 18. He was asked to sign a form consenting to a search of his car. Id., ¶ 19. Defendant Greene and another individual later joined the interview, id., ¶ 20, and plaintiff was asked to waive his Miranda rights, id., ¶ 21. The inmate stated that he had a dispute with defendant Weaks that

---

[6] Although the complaint does not explicitly say so, the "incident" at issue was a fire that destroyed a Family Dollar Store and resulted in the deaths of two persons.

5

"almost became physical," id., ¶ 22, which "led to the plaintiff trying to leave," id., ¶ 23. Defendant Weaks allegedly "snatched the plaintiff's cellphone and wallet and stated[,] 'You . . . are not going anywhere.'" Id., ¶ 24.

Subsequently, plaintiff's mother and godmother arrived at the Investigations Office, id., ¶ 25, and his mother requested that plaintiff be permitted to speak with an attorney, id., ¶ 26. Shaw alleges he agreed with his mother that he needed legal counsel, and "this was the second time the plaintiff had requested that an attorney be present." Id., ¶ 27. Defendants Weaks and Lundy allegedly forced plaintiff's mother to leave. Id., ¶ 28. Defendants Weaks, Frost, Lundy, and Greene then coerced the plaintiff into giving statements. Id., ¶ 29.

After the questioning had concluded in the early morning hours of June 17, 2003, plaintiff was taken to the Shelby County Jail. Id., ¶ 30. Later that morning, he was taken into custody by the ATF, id., ¶ 31, and transferred to the Federal Building, id., ¶ 32, where he "was forced again to undergo an extensive interrogation," id., ¶ 33. Shaw advised defendant Weaks, again, that he had not had any sleep since 9:00 a.m. on June 15, 2003. Id., ¶ 34. The interrogation continued until the plaintiff was taken into the courtroom. Id., ¶ 35. During the questioning, the plaintiff was forced to sign a "Consent to Search" form. Id., ¶ 36. After his court appearance, the plaintiff was taken into custody by the U.S. Marshal. Id., ¶ 37.[7]

---

[7] Although the complaint does not say so, Shaw was in federal court on June 17, 2003 pursuant to a criminal complaint charging him with setting fire to
(continued...)

The plaintiff alleges that, at the time of the fire, he was the acting manager at the Family Dollar Store. <u>Id.</u>, ¶ 38. He was terminated "as a result of the law enforcement actions." <u>Id.</u>, ¶ 39. Prior to his arrest, plaintiff was under medical care for anxiety attacks and depression. <u>Id.</u>, ¶ 40. The complaint alleges that, "[d]ue to the actions of law enforcement, the plaintiff's medical care under private Doctor's direction, was ceased." <u>Id.</u>, ¶ 41.[8] The complaint further claims that, "[d]ue to law enforcement's actions, the plaintiff has been placed in an environment, in which the plaintiff has been assaulted on numerous occasions." <u>Id.</u>, ¶ 46.

Shaw seeks declaratory relief and compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a district court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998); <u>see</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); <u>Booth</u>

---

[7] (...continued)
the store, in violation of 18 U.S.C. § 844(i). The plaintiff was indicted on that charge on July 15, 2003. <u>United States v. Shaw</u>, No. 03-20249-Ma (W.D. Tenn.). The grand jury returned a superseding indictment on July 29, 2004. The Government subsequently decided not to seek the death penalty. The case has not yet gone to trial.

[8] It is not clear whether plaintiff is alleging that he could not see his private doctor because he was a prisoner or that he did not receive medical treatment of any type for his anxiety and depression while at the WTDF.

v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 544 U.S. 920 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently has held that district courts are required to dismiss a complaint in its

entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005); see also Rinard v. Luoma, 440 F.3d 361 (6th Cir. 2006) (prisoner may not amend his complaint to delete defendants against whom claims have not been exhausted).

Although this complaint primarily concerns the plaintiff's arrest, the plaintiff has also asserted claims concerning prison conditions, including claims about the denial of appropriate medical treatment, Compl., ¶ 41, and assaults sustained while imprisoned at the WTDF, id., ¶ 46. The plaintiff is required to demonstrate with particularity his efforts to exhaust each of his claims concerning prison conditions, but the complaint does not address that issue. For that reason alone, the entire complaint is subject to dismissal without prejudice, pursuant to 42 U.S.C. § 1997e(a), in light of Jones Bey and Rinard.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>     (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Plaintiff's complaint is subject to dismissal in its entirety.

As a preliminary matter, the plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, which encompasses

violations of the federal Constitution or federal law by individuals acting under color of state law. Defendants Weaks and Frost are Special Agents with the ATF, a federal agency, and they operate under color of federal law. See Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Kostyu v. Ford Motor Co., No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986) ("We observe initially the lack of state action which would provide jurisdiction for this action under § 1983. The defendants are federal officials and private parties carrying out federal income tax policies."); International Islamic Community, Inc. v. United States, 981 F. Supp. 352, 364-65 (D.V.I. 1997) (ATF cannot be sued under § 1983), aff'd mem., 176 F.3d 472 (3d Cir. 1999). Accordingly, the plaintiff's claims against Weaks, Frost, and the ATF under 42 U.S.C. § 1983 are DISMISSED, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court will, however, construe the complaint as asserting claims against Weaks and Frost pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).[9]

---

[9] The Court declines to construe the complaint as asserting a Bivens claim against the ATF as any such claim would be barred by sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Franklin v. Henderson, 2000 WL 861697, at *1; Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"); see also Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir. 1988) (per curiam) (barring claim against federal employee in his official
(continued...)

The complaint does not assert a valid false arrest claim against any defendant. A Fourth Amendment claim for false arrest is based on an arrest without probable cause. See, e.g., Crockett v. Cumberland College, 316 F.3d 571, 580 (6th Cir. 2003) ("Today it is well established that an arrest without probable cause violates the Fourth Amendment."); Frantz v. Village of Bradford, 245 F.3d 869, 876 (6th Cir. 2001). Probable cause exists where a suspect is arrested pursuant to a facially valid warrant.[10] Even in the absence of a warrant, probable cause to arrest exists where there are "'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense." Crockett, 316 F.3d at 580 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)); see also Wolfe v. Perry, 412 F.3d 707, 717 (6th Cir. 2005) ("probable cause necessary to justify an arrest is defined as 'whether at that moment [of the arrest] the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was

---

[9] (...continued) capacity).

The Court also declines to construe the complaint as asserting a claim against the ATF pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., because there is no indication that the plaintiff has exhausted his administrative remedies, as required by 28 U.S.C. § 2674(a).

[10] Baker v. McCollan, 443 U.S. 137, 142-46 (1979) (arrest and detention for three days under warrant issued in plaintiff's name but meant for his brother did not state a Fourth Amendment claim); see Masters v. Crouch, 872 F.2d 1248, 1252-53 (6th Cir. 1989) (dismissing claim where warrant issued in error).

committing an offense'") (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)) (alterations in original). Nothing in the complaint suggests that the defendants lacked probable cause to arrest the plaintiff. Accordingly, the complaint does not state a valid false arrest claim.[11]

More fundamentally, any claim for money damages arising out of the plaintiff's arrest and pretrial detention is premature. Because the criminal proceedings have not been resolved in the plaintiff's favor, he may not obtain money damages for any alleged wrongdoing arising out of his arrest and prosecution. As the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's

---

[11] Moreover, the complaint does not allege that the plaintiff's arrest and detention depended on any statements he made during his custodial interrogations. The Court notes that the plaintiff has not filed any motion in his criminal case to suppress any statement he may have made under interrogation. Although police allegedly seized incriminating items during a search of a residence located at 1099 Louisville in Memphis, that search was pursuant to a warrant and is, therefore, not at issue in this case. Plaintiff's motion to suppress the fruits of that search was denied in an order issued on December 18, 2003 in case no. 03-20249.

>action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnotes omitted). Thus, a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is ended in his favor, or an existing conviction is set aside, or the confinement is declared illegal. Id. at 481-82; Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995). In this case, the criminal charges against the plaintiff are still pending and, therefore, he cannot sue the defendants for false arrest or false imprisonment.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The motion for appointment of counsel is DENIED as moot.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it

13

would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[12] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[12] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.[13]

IT IS SO ORDERED this 20th day of April, 2006.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[13] The fact that some of plaintiff's claims in this action have been dismissed for failure to exhaust does not preclude the imposition of a strike on the basis of claims that were dismissed for failure to state a claim or as frivolous. <u>Clemons v. Young</u>, 240 F. Supp. 2d 639 (E.D. Mich. 2003).